HUB SUPPLY COMPANY, a Corporation, FLORIDA LAUNDRY COMPANY, a Corporation, and ARMSTON & COLLINS, INC., a Corporation (Defendants below), HUB SUPPLY COMPANY, a Corporation, *Appellant on Appeal,* v. DUNEDIN REAL ESTATE COMPANY, a Corporation, (Complainant below) *Appellee on Appeal..*

Division B.

Opinion filed August 1, 1930.

*Edgar John Phillips* and *Harvey Young,* for Appellant;.

*Ware & Wolfe,* for Appellee.

BUFORD, J.—In this case the record shows that on September 3, 1926, Dunedin Real Estate Company sold certain real estate to Florida Laundry Company, a corporation,, taking as a part of the purchase price a mortgage. The mortgage was not recorded until December 24, 1926.

On September 10, 1926, while a building was in process of construction on the property for the Florida Laundry Company, which company had taken possession of the property, Hub Supply Company commenced furnishing material to be used in the construction of the building and continued to furnish material for such construction until November, 1926.

On December 29, 1926, notice of lien was filed and recorded.

On March 7, 1927, Hub Supply Company filed suit in the circuit court to enforce its lien and on March 22, 1929, judgment was entered declaring the property subject to the lien. It does not appear that Dunedin Real Estate Company was a party to that suit.

On November 10, 1928, appellee filed its bill of complaint to foreclose the mortgage. The appellant, Hub Supply Company, interposed its answer, alleging that it had supplied material under conditions above stated; that it had filed its lien; had instituted suit to foreclose the same and alleged that the mortgage, if made and recorded as alleged in the bill of complaint, was a lien inferior to and subject to the lien held by Hub Supply Company.

Testimony was taken and a decree was entered in which it was decreed that the mortgage constituted a prior lien to that acquired by Hub Supply Company and that the lien of the Hub Supply Company was inferior and subject to the mortgage lien.

The final decree appears to have been entered on the 20th day of April, 1929.

It appears probable that the decree was entered upon authority of the opinion in the case of Van Eepoel Real Estate Company v. Sarasota Milk Company et al., filed on March 20th, 1929, and reported in 120 So. R. 841. In that case, as reported, this Court held in accordance with the

contentions of the appellee here, but a petition for rehearing was granted and now, after hearing and considering argument of counsel on rehearing and after exhaustive consideration of the facts and the law applicable to that case, the Court, by a majority opinion, has reversed its former holding and has by an opinion now filed affirmed the decree of the trial court there appealed from.

The essential facts of this case are such that it must be controlled by the law as enunciated in the case above referred to. Therefore, the decree here appealed from should be reversed on authority of the opinion filed August 1st, 1930, in the case of Van Eepoel Real Estate Company v. Sarasota Milk Company et al., and it is so ordered.

Reversed.

TERRELL, C. J., AND ELLIS AND STRUM, J. J., concur.